**In re INTRAN CORPORATION, Debtor.**

**Bankruptcy No. 4–85–2070.**

United States Bankruptcy Court,
D. Minnesota.

June 18, 1986.

Richard J. Harden, Minneapolis, Minn., for lessor Trio Leasing.

Raymond C. Lallier, Minneapolis, Minn., for debtor.

## ORDER DENYING REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE

ROBERT J. KRESSEL, Bankruptcy Judge.

This matter came on for hearing on the motion of Trio Leasing seeking, *inter alia,* payment of an administrative expense. Richard J. Harden appeared for Trio Leasing and Raymond C. Lallier appeared for the debtor. The Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and Local Rule 103(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## BACKGROUND

1. Trio Leasing is a partnership which is engaged in the business of purchasing equipment for sale and lease to customers.

2. On October 15, 1983, Trio leased to Intran pursuant to a written lease various computer equipment and software.

3. Under the lease agreement, the debtor agreed to pay Trio monthly payments of $1,234.41 for 34 months.

4. Since May of 1985, the debtor has not made any payments to Trio.

5. The debtor filed its Chapter 11 petition on October 8, 1985.

6. On May 2, 1986, Trio filed its motion seeking an order under 11 U.S.C. § 365(d)(2) requiring the debtor to make a decision on whether it was going to assume or reject its lease with Trio. The motion also sought payment of post-petition rental payments as an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A).

7. On June 2, 1986, the debtor filed its motion seeking court approval for its rejection of the lease with Trio. The debtor's motion was granted.

8. The debtor has not used any of the property leased from Trio since well before it filed its Chapter 11 petition.

9. There is a dispute between the debtor and Trio regarding the reasonable lease value of the property.

## DISCUSSION

Since the debtor has rejected its lease with Trio and obtained court approval for its rejection, most of Trio's motion is moot leaving only its claim for payment of administrative expense. Trio has no contractual administrative expense claim. Section 365(g)(1) provides:

. . . the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or

lease—... if such contract or lease has not been assumed under this section or under a plan confirmed under Chapter 9, 11, or 13 of this title immediately before the date of the filing of the petition....

11 U.S.C. § 365(g)(1). Correspondingly, § 502(g) provides:

... a claim arising from the rejection, under section 365 of this title or under a plan under chapter 9, 11, or 13 of this title, of an executory contract or unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

11 U.S.C. § 502(g). Putting these two sections together, it is clear that whatever claim Trio has arising under the lease is a pre-petition claim and not a priority expense of administration.

Although the debtor is not obligated to make any contractual payments, it is obligated for the actual use it made of the leased property and the obligation to make those payments is entitled to an administrative expense priority. 11 U.S.C. § 503(b)(1)(A). While there have been some cases to the contrary, it is well settled that the debtor must pay only for its actual use of leased property based on the value to the debtor of that use not what the leased property would have been worth to the lessor. *Broadcast Corporation of Georgia v. Broadfoot (In re Subscription Television of Greater Atlanta)*, 789 F.2d 1530 (11th Cir.1986); *Memphis-Shelby County Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.)*, 783 F.2d 1283 (5th Cir.1986). *See also Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)*, 536 F.2d 950 (1st Cir.1976); *American Anthracite and Bituminous Coal Corp. v. Leonardo Arrivabene, S.A.*, 280 F.2d 119 (2nd Cir.1960).

Trio argues that there is unfairness in such a rule and cites for that proposition *In re Fred Sanders Co.* 22 B.R. 902 (Bktcy.E.D.Mich.1982.) However, Trio and the *Fred*

*Sanders* court misinterpret § 503(b)(1) and its interaction with other sections of the Bankruptcy Code. Section 503(b)(1)(A) looks at the use of property from the perspective of the debtor and requires the debtor to pay only for the use and benefit it obtained from the leased property. However, other provisions of the Bankruptcy Code, specifically §§ 362 and 363 look at such transactions from the lessor's perspective. Section 362(d)(1) provides that a party such as Trio can obtain relief from the automatic stay allowing it to cancel its lease and to take back its property "for cause including the lack of adequate protection of an interest in property...." 11 U.S.C. § 362(d)(1). Likewise, § 363(e) provides that a party such as Trio whose property is being used, sold or leased may request the court to prohibit or condition such use "as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

Thus, if Trio felt it was being economically disadvantaged, it could have moved for relief from the automatic stay under § 362(d) or sought adequate protection under § 363(e). *Memphis-Shelby County Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.)*, 783 F.2d 1283, 1286 (5th Cir.1986). Adequate protection is "a safeguard which is provided to protect the rights of secured creditors, throughout the proceedings, to the extent of the value of their property ..." *Lend Lease v. Briggs Transportation Co. (In re Briggs Transportation Co.)*, 780 F.2d 1339, 1342 (8th Cir.1985). Thus, by moving for relief from the automatic stay or seeking adequate protection, Trio could have forced the debtor to either give up the lease property or make payments to Trio equal to Trio's interest in the property. Having failed to do so it is left in the position of receiving payments equal to the debtor's actual use of the property, which in this case is nothing.

Trio argues that it is somehow unfair to put the burden on the creditor or lessor to seek relief. For this proposition, Trio again relies on the *Fred Sanders* case in

which the court stated that "the debtor is generally well aware in advance that a bankruptcy may be necessary and can plan ahead to decide which leases should be retained." *In re Fred Sanders Co.* 22 B.R. 902, 907 (Bktcy.E.D.Mich.1982). This statement, purportedly quoting from a Senate Judiciary Committee report, is not only naive, it is contrary to the whole spirit of the Bankruptcy Code which is to put the burden on creditors to protect their interests. In addition to a number of executory contracts and leases, a Chapter 11 debtor may have a number of secured creditors. To expect debtors to sort out all the secured creditors and unexpired leases and contracts at the inception of a case and make arrangements with each creditor is unrealistic. If a secured creditor or lessor is to receive adequate protection, it must request it.

Having failed to affirmatively seek adequate protection for its interest in the leased property, Trio is now in the unenviable position of not receiving anything for the time that the leased property was in the possession of the debtor.

THEREFORE, IT IS ORDERED:

The request of Trio Leasing for payment of an administrative expense is denied.