**KINNAN & KINNAN PARTNERSHIP, Bill Kinnan, Kathleen Kinnan, and Dorothy Kinnan, Debtors, Appellants,**

v.

**AGRISTOR LEASING, Appellee.**

No. Civ. 88–0–737.
Bankruptcy No. 87–464.

United States District Court,
D. Nebraska.

May 10, 1990.

Rehearing Denied June 4, 1990.

William L. Needler, Chicago, Ill., for debtors, appellants.

Jeffrey L. Orr, Kearney, Neb., for appellee.

## MEMORANDUM OPINION AND ORDER

CAMBRIDGE, District Judge.

This matter is before the Court on appeal from the August 18, 1988 orders of the bankruptcy court (BK Filing Nos. 186 and 187), sustaining the appellee's motion to require debtors to assume or reject unexpired lease (BK Filing No. 66) and motion and request for allowance and payment of administrative expense (BK Filing No. 96). Following an evidentiary hearing held on August 9, 1988, the bankruptcy court found that (1) the agricultural equipment lease in issue was a true lease, (2) debtors had not rejected the lease prior to the evidentiary hearing, but that the lease would be deemed rejected as of that date, and (3) an administrative expense of $32,328.94 would be allowed to the appellee for the use value of the leased equipment. Having considered the bankruptcy court's rulings, the parties' briefs and relevant law, this Court finds that the orders of the bankruptcy court should be affirmed in part and reversed in part.

### Factual Background

Appellants, operators of a farm in Dawson County, Nebraska, filed Chapter 11 bankruptcy on February 19, 1987. Prior to the filing of this bankruptcy action, appellants Bill Kinnan and Kathleen Kinnan entered into an agricultural equipment lease for certain farm equipment (i.e., a Harve-

store silo, unloader and accessories) with appellee AgriStor Leasing (AgriStor) on March 15, 1983. Such lease provided for a security deposit of $7,757.65 and eight annual lease payments of $21,959.31, and contained an option to purchase the leased equipment at fair market value at the end of the lease term.

After filing their bankruptcy petition on February 19, 1987, appellants made no further payments to AgriStor under the lease. Appellants retained possession of the equipment, but did not use the equipment at any time after bankruptcy was filed. On September 11, 1987, AgriStor filed a motion to require the debtors to assume or reject the unexpired lease of the farm equipment. Thereafter, AgriStor also filed a request for the payment of administrative expenses.

During the taking of a deposition, before the pending motions could be heard, appellants purportedly indicated to AgriStor that they were rejecting the lease; at the same time, however, they informed AgriStor that they refused to consider the lease as a true lease. Later, at the evidentiary hearing, appellant's counsel argued that the "lease" was not a true lease, but rather was merely a financing arrangement for the purchase of the equipment. After hearing the evidence, the bankruptcy court rejected the appellants' claim that the lease was not a true lease, deemed the lease rejected as of that date, and granted AgriStor's request for administrative expenses due to appellants' refusal to assume or reject the unexpired lease. This appeal followed.

### Discussion

■ This Court may review the bankruptcy court's legal conclusions *de novo*, but the bankruptcy court's findings of fact may not be set aside unless clearly erroneous. Bankruptcy Rule 8013; *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987).

### I. *Whether the Lease was a True Lease*

The appellants assert that the bankruptcy court erred in finding that the equipment lease in issue was a true lease. They argue that the so-called "lease" was actually a purchase agreement for the equipment, thus AgriStor is only a secured creditor of the equipment and should not be allowed a preferential administrative expense for the use value or fair rental value of the equipment.

■ In order to determine whether the agreement between the parties was intended to be a lease or a purchase sale of the equipment, the Court must look to the document itself and to the conduct of the parties. *In re Schulz*, 63 B.R. 163, 166 (Bkrtcy.D.Neb.1986); *Gibreal Auto Sales, Inc., v. Missouri Valley Machinery Co.*, 186 Neb. 763, 765, 186 N.W.2d 719, 721 (1971). In this case, there is evidence that the parties' agreement (1) was labeled a "lease," (2) referred to the parties' agreement as a lease throughout the body of the document, (3) required the appellants, as the lessees, to make a security deposit to insure the performance of their obligations, said deposit to accrue interest for the appellants, and (4) gave AgriStor, the lessor, the right to remove the equipment at the end of the lease period, subject to the right of the lessees to enforce a purchase option to buy the equipment at fair market value. There is also evidence that the parties completed and filed an informal financing statement showing that ownership of the equipment at all times remained in the lessor.

Appellants argue, however, that the option to purchase contained in the agreement is evidence that the parties intended this equipment transaction to be a purchase sale. While "absence of an option to purchase is evidence of the parties' intent that the agreement is a true lease," *In re Schulz, supra*, 63 B.R. at 166, the inclusion of such an option is not, in and of itself, conclusive that the parties intended the transaction to be a purchase agreement. Inclusion of an option to purchase is but one factor for the court to consider. *Id.*

In this case, paragraph 19 of the parties' agreement provided that the lessees could exercise their option to purchase the equipment for fair market value at the end of the lease term. Appellant Bill Kinnan testified that when he inquired as to what the

purchase option price would be, he was told by the appellee that the price could not be determined until the end of the eight year lease term and that the situation would be assessed at that time. Record at 30–31. This evidence, as well as other evidence considered by the bankruptcy court, is clearly sufficient to show that the parties considered and treated their contractual relationship as a lease, not as a purchase agreement.

Appellants also argue that the manner of installation and permanent nature of the agricultural equipment on their property (i.e., the Harvestore silo) is further evidence that the lease was in fact a purchase agreement. The bankruptcy court properly rejected this argument based upon evidence that such equipment could in fact be removed by AgriStor if it so desired.

Having fully considered the record and the arguments on appeal, the Court concludes that the bankruptcy court did not err in finding the parties' agreement to be in the nature of a lease, rather than a purchase agreement.

## II. *Whether An Administrative Expense is Allowable for the Use Value of the Equipment*

The appellants argue that the bankruptcy court erred in finding that AgriStor was entitled to an administrative expense for the use value of the equipment. Relying on *Broadcast Corp. of Georgia v. Broadfoot,* 54 B.R. 606 (N.D.Ga.1985), *aff'd,* 789 F.2d 1530 (11th Cir.1986) and *In re Zook,* 83 B.R. 447 (Bkrtcy.W.D.Mich.1988), they argue that the claim is not allowable under 11 U.S.C. § 503(b), because (1) the leased equipment was broken and never used since before commencement of the case, and (2) the equipment did not directly and substantially benefit or serve to preserve the estate. AgriStor argues, however, that its claim for overdue rent is allowable as an administrative expense, regardless of whether there was actual use of the equipment by the estate, because appellants refused to either assume or reject the lease. *See In re Thayn Farms, Inc.,* 117 B.R. 510 (Bkrtcy.D.Neb.1988); *In re Schulz, supra,*

63 B.R. at 163; *In re Fred Sanders Co.,* 22 B.R. 902 (Bkrtcy.E.D.Mich.1982).

■ Section 503(b) provides that, "After notice and a hearing, there shall be allowed administrative expenses ... including— (1)(A) the actual, necessary costs and expenses of preserving the estate...."

In the present case, the bankruptcy court, relying on *In re Schulz, supra,* 63 B.R. at 163, and *In re Thayn, supra,* held that AgriStor had "the right to an administrative expense, basically, for the time value of money, for the use of the equipment, whether the debtor uses it or not." The bankruptcy court stated:

> The debtor did not use the equipment since the date of petition. But I don't think that it is ... the debtor's lack of use since date of petition that is relevant under the evidence that is before the Court. The creditor is prohibited from ... trying to go get their equipment. The best they can do is try and force acceptance or rejection of a lease. If the debtor makes a decision that this isn't a lease, and wants to put up with the time delay to get to court and get to a trial on it, ... the debtor may suffer the consequences. Somebody should have to pay for the time that the debtor keeps possession of equipment that he's eventually going to give back.

> \*   \*   \*   \*   \*   \*

> I find there is a benefit to the estate. The debtor had the right to determine, anytime from February 19th of 1987 [to August 9, 1988], whether or not he was going to use the equipment. He controlled it. Control of an asset, whether it be a whole estate, a farm, or the piece of equipment, has value, as was determined in the *Ehlers* case decided by the United States Supreme Court ... The debtor ... could have made the decision [to reject the lease]. But when he doesn't make that decision, I think he has to pay for it. That's my decision in *Schulz.* That's my decision in *Thayn* ... I reject any theory that there was not benefit to the estate.

Transcript of Evidentiary Hearing at 59–62, *In re Kinnan & Kinnan Partnership,* BK 87–464 (Bkrtcy.D.Neb. Aug. 9, 1988).

Courts have split as to the application of § 503(b) where no use has been made of leased goods prior to rejection of the lease. The cases relied upon by the bankruptcy court essentially follow the rule set forth in *In re Fred Sanders Co., supra,* 22 B.R. at 902. In *Sanders,* the trustee retained possession of leased truck-trailers prior to rejection of the lease. The trailers were not used during the post-petition period and were returned after the lease was rejected. The Court allowed an administrative expense holding that the lessor was entitled to the claim regardless of whether any use was made of the leased equipment by the trustee. *Id.* at 907. *See also Dayton Hydraulic Co. v. Felsenthall,* 116 F. 961 (6th Cir.1902).

The Eleventh Circuit, as well as numerous bankruptcy courts, have rejected the *Sanders* approach, holding that § 503(b) requires actual benefit to the estate. *See In re Subscription Television of Greater Atlanta, supra,* 789 F.2d 1530, 1532 (11th Cir.1986), *aff'g, Broadcast Corp. of Georgia v. Broadfoot,* 54 B.R. 606 (N.D.Ga. 1985); *In re Carmichael,* 109 B.R. 849, 852 (Bkrtcy.N.D.Ill.1990); *In re Moore,* 109 B.R. 777, 782–83 (Bkrtcy.E.D.Tenn.1989); *In re Zook, supra,* 83 B.R. at 449–50; *In re Pickens–Bond Constr. Co.,* 83 B.R. 581, 584–85 (Bkrtcy.E.D.Ark.1988); *In re Grant Broadcasting of Philadelphia, Inc.,* 71 B.R. 891, 897 (Bkrtcy.E.D.Pa.1987); *In re Intran Corp.,* 62 B.R. 435, 436 (Bkrtcy.D. Minn.1986).

In *Subscription Television,* the debtor leased the rights to a scrambled television signal prior to filing for bankruptcy. The trustee continued to use the leased service for 17 days post-petition, with no use being made thereafter. The district court allowed an administrative expense for the 17 days of actual use which benefited the estate, but disallowed the claim for lease payments accruing after the trustee ceased using the signal through the date that the lease was rejected. The district court reasoned that "[t]he inclusion of the words

'actual' and 'necessary' [in § 503(b)(1) ] indicate that the estate must accrue a real benefit from the transaction for which the claim is being filed. The mere potential of benefit to the estate does not satisfy this requirement." *Broadfoot, supra,* 54 B.R. at 611. The court also noted that "the administrative expense scheme does not focus in the first instance on whether a creditor sustained a loss ... but on whether the estate has received an actual benefit." *Id.*

The Court is persuaded that the decision in *Subscription Television* correctly interprets § 503(b)(1)(A). As noted by the court in *In re Carmichael,* "[t]he use of the terms 'actual' and 'necessary' were not accidental but were included to impose the requirement that the estate is actually benefited. The language of § 503 continues the longstanding rule under the former Bankruptcy Act that a creditor's right to payment will be afforded priority only to the extent the estate was benefited in fact from the consideration supporting the creditor's claim." *In re Carmichael, supra,* 109 B.R. at 851 (citing *American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.A.,* 280 F.2d 119 (2d Cir. 1960); *In re Mammoth Mart, Inc.,* 536 F.2d 950 (1st Cir.1976)).

In the present case, it was undisputed that the leased equipment was broken and that the debtors did not use it for any purpose after the bankruptcy petition was filed. The fact that the debtors had control of the equipment and could have used it for storage or other purposes is insufficient to meet the test of "actual" and "necessary" under § 503. *See In re Subscription Television, supra,* 789 F.2d at 1532. The bankruptcy court therefore erred in finding that the equipment, and the lease thereof, benefited the estate.

The Court is also unable to find any authority under § 503(b)(1)(A) for the allowance of an administrative claim as a "consequence" or penalty for the debtor's refusal to assume or reject. Although the Court agrees that, in theory, the debtor in possession should not be able to hold up the lessor by refusing to assume or reject a lease without having to pay some conse-

quence for doing so, there simply is no basis under § 503 in which to penalize the debtor for such conduct.

The Court therefore concludes that the bankruptcy court erred in allowing Agri-Stor's claim for administrative expenses. Accordingly,

IT IS HEREBY ORDERED:

(1) That appellants' request for oral argument is denied;

(2) That the August 18, 1988 order of the bankruptcy court, finding the parties' "lease" to be a true lease, is affirmed;

(3) That the August 18, 1988 order of the bankruptcy court, granting the appellee's claim for administrative expenses in the amount of $32,328.94, is reversed; and

(4) This matter is remanded to the bankruptcy court for further proceedings not inconsistent with this opinion.

### On Motion For Rehearing

This matter is before the Court on the appellee's motion for rehearing and request for oral argument (Filing No. 7). On May 10, 1990, this Court entered a Memorandum Opinion and Order (1) affirming the bankruptcy court's finding that the parties' "lease" was a true lease, and (2) reversing the bankruptcy court's finding that the appellee, AgriStor Leasing, was entitled to an administrative expense for the agricultural equipment which debtors had leased.

In support of its motion for rehearing, appellee argues (1) that the bankruptcy court erred in finding that the debtors "did not use the equipment since the date of petition," and (2) that regardless of whether there was actual use of the leased equipment, debtors' retention of the equipment and control thereof constituted substantial benefit to the bankrupt estate and entitled AgriStor to an administrative expense under § 503(b).

█ Having considered the appellee's motion for rehearing and its brief in support thereof, the Court finds that the motion should be denied. First, the Court finds that the record supports the bankruptcy court's factual finding that there was no "actual use" of the leased equip-

ment by the debtors after the filing of the petition. Appellee failed to meet its burden of proof that there was "actual" and "necessary" use of the equipment, as required under § 503(b)(1)(A). Second, retention and control of the equipment, without proof of actual and necessary use by the debtor, is insufficient grounds for allowing an administrative expense under § 503(b)(1)(A). *See In re Subscription Television*, 789 F.2d 1530, 1532 (11th Cir. 1986).

For the reasons set forth above,

IT IS HEREBY ORDERED that appellee's motion for rehearing and request for oral argument (Filing No. 7) in this bankruptcy appeal are denied.